UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| UNITED STATES OF AMERICA, | Case No. 18-cr-62-pp |
|---|---|

Plaintiff,

v.

BRIAN L. GANOS, MARK F. SPINDLER,
and SONAG CO., INC.,

Defendants.

---

| UNITED STATES OF AMERICA, | Case No. 18-cr-79-jps |
|---|---|

Plaintiff,

v.

JORGE LOPEZ,

Defendant.

---

**ORDER GRANTING UNITED STATES' MOTION TO REASSIGN A RELATED CRIMINAL CASE (DKT. NO. 18 IN 18-CR-62; DKT. NO. 3 IN 18-CR-79)**

---

On April 3, 2018, the grand jury returned an indictment in United States v. Ganos, *et al.*, 18-cr-62-pp. The indictment alleged that defendants Brian Ganos, Mark Spindler and Sonag Co., Inc. engaged in twenty-two counts of mail fraud, wire fraud, government agency fraud, unlawful financial transactions and conspiracy. Id. at Dkt. No. 1. It alleged that between June 2004 and August 2016, the defendants conspired with each other, and with others known and unknown to the grand jury, to commit these offenses. Id. at 1.

1

On April 18, 2018, the United States Attorney issued an information in United States v. Lopez, 18-cr-79-jps. The U.S. Attorney alleged that between June 2004 and August 2016, Jorge Lopez conspired with Brian Ganos—one of the defendants in the indicted case—and others known and unknown to the government to engage in a scheme to defraud the United States. Id. at Dkt. No. 1.

The government has filed a motion, asking this court (the court to which the lowest-numbered case is assigned) to reassign United States v. Lopez, 18-cr-79, so that both cases are assigned to the same judge. United States v. Ganos, *et al.*, 18-cr-62-pp, Dkt. No. 18; United States v. Lopez, 18-cr-79-jps, Dkt. No. 3. In support of this motion, the government cites Crim. Local Rule 13(a) of the Local Rules for the Eastern District of Wisconsin.

Criminal Local Rule 13 allows a randomly-assigned criminal case to be reassigned to another judge if "it is found to be related to a lower numbered criminal case assigned to that judge," and four criteria are present. First, all of the defendants in the two cases must be the same, or if they are not, "the cases [must be] based on the same set of facts, events or offenses." Second, both cases must be pending in the Eastern District of Wisconsin. Third, having the same judge handle both cases must be "likely to result in the overall saving of judicial resources." Finally, neither of the cases may have "progressed to the point where reassigning a case would likely delay substantially the proceedings in either case," or the reassignment would promote consistency in resolution.

The court finds that the government's request to reassign 18-cr-79 to this court complies with the criteria in Crim. L.R. 13. The two cases are related. Both charge the defendants with various crimes arising out of alleged misuse and abuse of various government programs that certify small businesses for contracting opportunities, such as the United States Department of Transportation's Disadvantaged Business Enterprise ("DBE") program. Both the Ganos indictment and the Lopez information allege that these two defendants, as well as defendant Sonag Co., Inc., were involved in making false representations to the government in order to obtain DBE certification. While 18-cr-62 names as defendants Ganos, Spindler and Sonag, and 18-cr-79 names Lopez as a defendant, the information in 18-cr-79 alleges that Lopez schemed and conspired with Ganos and Sonag, as well as "others." So while the defendants are not the same, both cases involve some of the same defendants, and the allegations in 18-cr-79 involve the some of the same facts and occurrences as allegations in 18-cr-62. Both cases are pending in the Eastern District of Wisconsin. Having one judge handle both cases would avoid the inefficiency of having two judges become familiar with the same set of facts as to Ganos, Sonag and Lopez. Finally, the two cases have been open for less than a month, and reassigning 18-cr-79 at this point should create no delay, particularly given that the parties have filed a plea agreement in that case.

The court **GRANTS** the government's motion to reassign a related criminal case. United States v. Ganos, *et al.*, 18-cr-62-pp at Dkt. No. 18; United States v. Lopez, 18-cr-79-jps at Dkt. No. 3. The court **ORDERS** that the

3

clerk's office shall **REASSIGN** United States v. Lopez, 18-cr-79, to Judge Pepper.

Dated in Milwaukee, Wisconsin this 24th day of April, 2018

       **BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**