UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                            Case No. 18-CR-62 (PP-DEJ)

BRIAN L. GANOS, SONAG COMPANY, INC.,
MARK F. SPINDLER, AND NUVO CONSTRUCTION CO., INC.

    *Defendants*.

# UNITED STATES' RESPONSE TO MARK SPINDLER'S MOTION TO DISMISS COUNTS ONE AND TWENTY-FIVE OF THE SUPERSEDING INDICTMENT

## INTRODUCTION

Defendant Mark Spindler, an accountant, has been charged in two counts of the 25-count Superseding Indictment. Count One charges him with conspiring with Brian Ganos, Sonag Company, Nuvo Construction Company, and others to engage in mail and wire fraud, in violation of 18 U.S.C. § 1349. Count Twenty-Five charges him with misprision of a felony, in violation of 18 U.S.C. § 4. Spindler moves to dismiss both of these counts. The Court should reject his motion as to both counts.

First, Spindler argues that Count One fails to charge him, in a legally sufficient manner, with conspiring to commit mail and wire fraud because, according to Spindler, that count fails to sufficiently allege that he acted with intent to defraud. But that argument fails because Count One does, in fact, specifically allege that Spindler "knowingly conspired" with Ganos, Sonag Company, Nuvo Construction Company, and others "to devise and participate in a scheme to

defraud" various government entities and to obtain money based on "materially false and fraudulent pretenses." In addition, although not necessary to state a conspiracy offense – the essence of which is merely to join the conspiracy with intent to further it – Count One further alleges that Spindler personally engaged in fraudulent conduct in furtherance of the conspiracy. Count One therefore sufficiently charges Spindler with conspiring to engage in mail and wire fraud.

Second, Spindler contends that Count Twenty-Five does not properly charge him with misprision of a felony because it fails to allege that Spindler knew both that Ganos was engaged in money laundering conspiracy and that money laundering conspiracy was a felony. This argument also fails because Count Twenty-Five specifically alleges that, in the course of committing the misprision offense, Spindler "ha[d] knowledge that Brian L. Ganos committed the crime of conspiracy to commit money laundering . . . ." This language, which tracks the applicable knowledge language of the misprision statute, sufficiently alleges scienter. Spindler cites the Ninth Circuit's recent decision in *United States v. Olson*, 856 F.3d 1216 (9th Cir. 2017) for the proposition that, to prove misprision of a felony, the government must prove that the defendant knew both that the principal had engaged in conduct satisfying the essential elements of the underlying felony and that the underlying offense was a felony. That decision does *not* suggest that Count Twenty-Five failed sufficiently to allege scienter, however, because it concerns only the degree of knowledge the government must prove *at trial* and not the degree of knowledge that must be alleged in the indictment. Count Twenty-Five is therefore legally sufficient.

**BACKGROUND**

Defendant Mark Spindler has been charged in two counts of the 25-count Superseding Indictment, returned May 1, 2018.

Count One charges Spindler with conspiring to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. That count alleges that, between June 2004 and August 2016, Spindler "knowingly conspired" with co-defendants Brian Ganos, Sonag Company, Nuvo Construction Company, and others "to devise and participate in a scheme to defraud the United States, the State of Wisconsin, Milwaukee County, and other entities." R. 25 (Superseding Indictment), ¶ 1.[1] As a part of the conspiracy, the defendants, including Spindler, schemed "to obtain money and property from others, namely, payments on contracts and purchase orders" from government entities "by means of materially false and fraudulent pretenses, representations, and promises," and "with use of the United States mails and interstate wire communications." *Id.* In essence, Count One alleges that Spindler conspired with Ganos, two companies he controlled, and others to help Ganos operate the Nuvo and C3T companies using straw owners who qualified as a socially and economically disadvantaged individual or as a service-disabled veteran, but who did not actually control those companies. Ganos and the other co-conspirators used those straw owners to allow Nuvo and C3T to fraudulently obtain small business program certifications. They then allegedly used those fraudulently obtained certifications to allow Nuvo and C3T to fraudulently win more than $200 million in federal, state, and local construction and concrete contracts, in violation the small business set-aside programs rules and at the expense of small-businesses competitors who would have qualified to win those contracts. R. 25, ¶¶ 2, 11, 12, 16, 17.

---

[1] In this brief, "R." followed by a number, refers to the docket number of the filing in this case.

Count One alleges that Spindler knew – through regular meetings Spindler had with Ganos and others about the financial performance of Nuvo, C3T, and other Ganos-controlled companies – that (1) Nuvo and C3T were controlled by Ganos and persons other than Nuvo's and C3T's nominal owners; (2) Nuvo and C3T were obtaining federal construction contracts and concrete purchase orders under government-administered small business contract set-aside programs; and (3) Nuvo and C3T did not in fact meet the eligibility criteria for those small-business set-aside contract programs. *Id.*, ¶ 29.

Count One further alleges that Spindler personally participated in the fraud conspiracy in various ways. First, Spindler is alleged to have advised Ganos and other co-conspirators regarding bookkeeping, accounting, and payroll procedures and transactions that furthered and concealed the fraud scheme. For example, Ganos and others, "in consultation with Spindler," allegedly arranged for Nuvo's nominal president, J.L., who resided and was employed in Minnesota, to have his compensation from his real job with a Minnesota-based entity, routed through Nuvo's payroll. *Id.*, ¶ 28. Second, Spindler, Ganos, and others allegedly prepared, and caused to be prepared, two sets of financial statements for Sonag Company, Nuvo, C3T, and Sonag Ready Mix – namely, one set of individual financial statements that showed each company's financial results on its own, and one set of consolidated financial statements that showed the companies' combined financial results – knowing that only the former, individual statements would be submitted to small business program representatives, while the latter, consolidated statements would be submitted to bonding companies. Third, Spindler is alleged to have made materially false statements to federal investigators denying C3T's affiliations with Sonag and Nuvo.

Count Twenty-Five charges Spindler with engaging in misprision of a felony by knowing, failing to disclose, and taking affirmative steps to conceal that Ganos was engaging in the offense of conspiracy to commit money laundering. Specifically, that count alleges:

> On or about May 21, 2014, in the State and Eastern District of Wisconsin, while having knowledge that Brian L. Ganos committed the crime of conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), failed to notify as soon as possible an authority under the United States that the crime had been committed and instead took affirmative steps to conceal the crime; namely, Spindler prepared an Independent Accountant's Review Report for C3T as of December 31, 2012, and December 31, 2013, that contained false representations regarding amounts of monies that had been transferred at Ganos's direction from C3T to Sonag Company. These representations included (a) understating the amounts of monies that had been transferred from C3T to Sonag Company, and (b) falsely stating that Sonag Company had provided $325,000 of services to C3T when, in reality, no such services had been provided, all in violation of 18 U.S.C. § 4.

R. 25, ¶¶ 66-67.

## ARGUMENT

**I. Count One sufficiently alleges that Defendant Spindler knowingly conspired with Ganos and others to engage in mail and wire fraud with intent to defraud.**

For an indictment to properly allege a crime, all it must do is "identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011). *See also* Fed. R. Crim. Pro. 7(c). To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment does not satisfy one or more of these three requirements and that he will suffer prejudice from the alleged deficiency. *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to

minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation and quotation marks omitted).

Here, the allegations set forth in Count One amply satisfy these pleading standards as to the knowledge and intent elements of the crime of conspiring to engage in mail and wire fraud.

The elements of a conspiracy charge are that (1) the conspiracy as charged in Count One existed and (2) the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy. *E.g.*, *United States v. Hunt*, 272 F.3d 488, 495 (7th Cir. 2001); *United States v. Akinrinade*, 61 F.3d 1279, 1288 (7th Cir. 1995); *see also* Pattern Criminal Jury Instructions of the Seventh Circuit (2012), Instruction 5.08(B) (Conspiracy – No Overt Act Required).

The elements of the object crimes of mail and wire fraud are that (1) the defendant knowingly devised or participated in a scheme to defraud; (2) the defendant did so with the intent to defraud; (3) the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and (4) that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the mails or interstate wirings. *See* Pattern Criminal Jury Instructions of the Seventh Circuit (2012), Instruction for 18 U.S.C. §§ 1341 & 1343 (Mail/Wire/Carrier Fraud – Elements).

Accordingly, when these elements are read together, to allege that Spindler conspired to commit mail and wire fraud under 18 U.S.C. § 1349, the government must allege that (1) the fraud conspiracy as charged in Count One existed, (2) Spindler knowingly became a member of that conspiracy with an intent to advance the conspiracy, (3) the conspiracy involved an underlying scheme to defraud, (4) that scheme to defraud involved materially false or fraudulent

pretenses, promises, or representations; and (5) the scheme involved the use of mailings, wirings, or both, in furtherance of the scheme.

Here, Count One amply satisfies the controlling pleading standards as to the challenged knowledge and intent elements. Count One does so because it plainly alleges that Spindler "knowingly conspired" with Ganos, Sonag Company, Nuvo Construction Company, and others, to devise and participate in a scheme to defraud that involved materially false pretenses and statements.

Specifically, Count One alleges that Spindler "knowingly conspired" with co-defendants Brian Ganos, Sonag Company, Nuvo Construction company, and others "to devise and participate in a scheme to defraud the United States, the State of Wisconsin, Milwaukee County, and other entities," and also "to obtain money and property from others, namely, payments on contracts and purchase orders" from those government entities "by means of materially false and fraudulent pretenses, representations, and promises," and "with use of the United States mails and interstate wire communications." R. 25 (Superseding Indictment), ¶ 1. Thus, from its outset, the 38-paragraph conspiracy charge alleges the essential elements of conspiracy. In particular, that initial paragraph sets forth that Spindler knowingly joined and participated in the conspiracy, that the conspiracy involved a scheme to defraud, and that the scheme, in turn, involved materially false pretenses and representations.

Over its next 37 paragraphs, Count One describes in detail the fraud involved in the conspiracy, the role that Spindler and others played in the conspiracy, and the operation of the conspiracy, including the various types of fraudulent conduct that Spindler personally committed in furtherance of the conspiracy.

7

For example, paragraph 2 of the Superseding Indictment succinctly sets forth that the scheme at the heart of the conspiracy involved significant and pervasive fraud. The essence of that scheme was to defraud government-administered contract set-aside programs – which were intended to benefit small businesses run by socially and economically disadvantaged individuals and service disabled veterans – by operating companies using qualifying straw owners, fraudulently obtaining qualifying small-business certifications, and then fraudulently winning more than $200 million in government contracts using those fraudulently obtained certifications. *Id.*, ¶ 2.

Count One also sets forth in detail the roles that the co-conspirators played, including Spindler. For example, Count One alleges that Spindler personally participated in and advanced the conspiracy to defraud the contract set-aside programs in various ways, including:

(1) Advising Ganos and other co-conspirators regarding bookkeeping, accounting, and payroll procedures and transactions that furthered and concealed the fraud scheme, id., ¶ 28;

(2) Preparing two sets of financial statements for Sonag Company, Nuvo, C3T, and Sonag Ready Mix – one set that showed each company's individual financial results, for use in bidding on government set-aside contracts, and another set of consolidated financial statements for use in obtaining bonding, id., ¶ 31; and

(3) Making materially false statements to federal investigators denying C3T's affiliations with Sonag and Nuvo, to conceal the fraud scheme and conspiracy, ¶ 38.

Finally, Count One specifically alleges that Spindler knew the essential facts that Nuvo and C3T were operated by straw owners and that, through those straw owners, were obtaining federal construction contracts and concrete purchase orders under federal set-aside programs for which they were in fact not eligible. Id., ¶ 29. Thus, Count One amply alleges that Defendant Spindler knowingly conspired with Ganos and others to engage in the set-aside contract fraud scheme, with intent to defraud.

## II. Count Twenty-Five sufficiently alleges misprision of a felony because it tracks the language of the misprision statute and alleges the essential elements of that offense, including the knowledge element.

Spindler contends that Count Twenty-Five does not properly charge him with misprision of a felony. He argues that the count fails to allege that he knew both (1) that Ganos was engaged in money laundering conspiracy and (2) that money laundering conspiracy was a felony.

This argument fails because Count Twenty-Five both tracks the language of the misprision statute and specifically alleges that Spindler had knowledge that Ganos committed the underlying crime of conspiracy to commit money laundering.

"Indictments are reviewed on a practical basis and in their entirety, rather than in a hyper-technical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation and quotation marks omitted). "An indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). An indictment need not detail the government's evidence or identify all the facts supporting the allegations. *See United States v. Resendiz–Ponce*, 549 U.S. 102, 110 (2007). Rather, an indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the

9

specific conduct at issue, the presence or absence of any particular fact is not dispositive."

*White*, 610 F.3d at 958–59.

The federal misprision of a felony statute provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4.

The elements of misprision of a felony, all set forth in the above statute, are that (1) the principal actually committed a felony; (2) the defendant knew that the principal actually committed the felony; (3) the defendant failed to notify the authorities; and (4) the defendant took affirmative steps to conceal the principal's felony. *E.g.*, *United States. v. Adams*, 961 F.2d 505, 508 (5th Cir.1992); *United States v. Stuard*, 566 F.2d 1 (6th Cir. 1977).

Here, the misprision charge set forth in Count Twenty-Five tracks the language of 18 U.S.C. § 4 and also alleges facts satisfying each of the above four statutory elements. *See* R. 25, Count 25; text *supra* at 5. As to the knowledge element, the charge alleges that while committing the misprision offense, Spindler "ha[d] knowledge that Brian L. Ganos committed the crime of conspiracy to commit money laundering . . . ." Because Count Twenty-Five both tracks the statutory language and satisfies each of the four statutory elements – including the knowledge element – it sufficiently alleges a misprision offense. *See White*, 610 F.3d at 958-59; *Phillips*, 645 F.3d at 861.

Spindler's citation of the Ninth Circuit's recent decision in *United States v. Olson*, 856 F.3d 1216 (9th Cir. 2017) – for the proposition that, to prove misprision of a felony, the government must prove that the defendant knew both that the principal had engaged in conduct

satisfying the essential elements of the underlying felony and that the underlying offense was a felony – does not change this conclusion that Count Twenty-Five sufficiently alleges scienter. That is because, even if the Court were to accept this Ninth Circuit holding as persuasive authority on this open point of law in the Seventh Circuit,[2] its holding has no direct application at this stage of the case. Rather, the Ninth Circuit's holding in *Olson* concerns only what degree of knowledge the government must prove *at trial* – and not what degree of knowledge must be alleged in the indictment.

On that point, the Seventh Circuit has made clear that the indictment itself need not define the term "knowingly." *Phillips*, 645 F.3d at 861 (holding that an indictment need not define "knowingly"). That task is the proper subject of jury instructions. *See id.*

Count Twenty-Five is therefore legally sufficient.

## CONCLUSION

For these reasons, this Court should deny Defendant Mark Spindler's Motion to Dismiss Counts One and Twenty-Five of the Superseding Indictment [R. 44].

Respectfully submitted this 7th day of September, 2018.

                                                      *s/ Matthew D. Krueger*
                                                      MATTHEW D. KRUEGER
                                                      United States Attorney
                                                      ZACHARY COREY
                                                      Assistant United States Attorney
                                                      Attorneys for Plaintiff
                                                      Office of the United States Attorney

---

[2] The government reserves judgment as to whether *Olson* is a correct statement of what degree of knowledge that the government must prove at trial to establish the offense of misprision of a felony. Accordingly, the government reserves the right to argue that, at trial, it needs to prove only that Spindler knew that the principal, Ganos, had engaged in conduct that satisfies the essential elements of the underlying money laundering conspiracy felony – and not also that Spindler knew that money laundering conspiracy was a felony. That said, the government is confident that, if called upon to do so a trial, it will be able to prove – via direct and circumstantial evidence – that Spindler knew both that Ganos had engaged in money laundering conspiracy and that conspiring to engage in money laundering is a felony.

Eastern District of Wisconsin
517 E. Wisconsin Ave. Suite 530
Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Fax: (414) 297-1738
Email: matthew.krueger@usdoj.gov