UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 18-cr-62-pp

BRIAN GANOS, MARK SPINDLER,
SONAG COMPANY, INC., and
NUVO CONSTRUCTION COMPANY INC.,

        Defendants.

**ORDER ADOPTING JUDGE JONES'S REPORT AND RECOMMENDATION (DKT. NO. 87) AND DENYING DEFENDANT SPINDLER'S MOTION TO DISMISS COUNTS ONE AND TWENTY-FIVE OF THE SUPERSEDING INDICTMENT (DKT. NO. 43)**

       Defendant Mark Spindler filed a motion to dismiss Count One (conspiracy to engage in mail and wire fraud) and Count Twenty-Five (misprision of a felony) of the May 1, 2018 superseding indictment under the Fifth Amendment and Rules 7 and 12(b) of the Federal Rules of Criminal Procedure. Dkt. No. 43. The defendant argues that the government failed to allege essential *mens rea* elements: he asserts that Count One fails to allege the specific intent to defraud and Count Twenty-Five fails to allege that the defendant knew the offense allegedly committed by co-defendant Brian Ganos was a felony. Id. at 1. Magistrate Judge David E. Jones issued a report, recommending that this court deny the motion. Dkt. No. 87. Judge Jones concluded that the elements of the underlying crime did not need to be alleged

1

for the conspiracy count (Count One) and that the language of Count Twenty-Five tracked the statutory language. The defendant since has filed an objection to the recommendation, arguing that the superseding indictment fails to provide sufficient notice or act as a proper bar against subsequent prosecutions. Dkt. No. 93. The defendant indicates that he is not asking for dismissal with prejudice; he says that if the court sustains his objection, he expects that the government will file a second superseding indictment properly alleging the scienter requirements. Dkt. No. 93 at 4.

## I. STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 59(b)(3), the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." The district judge may accept the magistrate judge's recommendation, reject it or modify it. 28 U.S.C. § 636(b)(1).

## II. THE PARTIES' ARGUMENTS TO JUDGE JONES

In the brief in support of his motion, the defendant argues that he plays a "very small part of a very large indictment that focuses on Brian Ganos." Dkt. No. 44 at 1. While the defendant concedes that the government clearly believes Ganos defrauded the United States, he argues that the indictment lacks the same clarity in its treatment of him. Id. He asserts that Count One, the conspiracy count, fails to allege that he acted with intent to defraud. Id. He asserts that Count Twenty-Five fails to allege that he knew Ganos was committing a crime punishable by more than a year in prison. Id. at 1-2.

The government responded that Count One specifically alleges that the defendant "knowingly conspired" with Ganos, Sonag Company, Nuvo Construction Company and others to "devise and participate in a scheme to defraud" various government entities and to obtain money based on "materially false and fraudulent pretenses." Dkt. No. 61 at 2. The prosecution points out that the first thirty-eight paragraphs of the superseding indictment contain allegations that the defendant advised Ganos and the others about procedures to conceal the scheme, prepared separate financial statements (one for bidding on government contracts and one for bonding), and made materially false statements to federal investigators to conceal the affiliations between the companies to further the conspiracy. Id. at 8.

With respect to Count Twenty-Five, the government asserted that that count tracks the language of the statute (18 U.S.C. §4), stating that the defendant "ha[d] knowledge that Brian L. Ganos committed the crime of conspiracy to commit money laundering . . . ." Id. at 10. The government points out that the Ninth Circuit's recent decision in United States v. Olson, 856 F.3d 1216 (9th Cir. 2017)—which the defendant cited in support of his motion to dismiss Count Twenty-Five (dkt. no. 44 at 5)—concerns the degree of knowledge the government must prove at trial, not the degree of knowledge that must be pled in the indictment. Id. at 11.

## III. JUDGE JONES'S RECOMMENDATION

Judge Jones concluded that the superseding indictment "easily" satisfied the test that a conspiracy charge contain allegations "clearly identifying the offense defendants conspired to commit . . . ." Dkt. No. 87 at 6 (quoting United States v. Kahn, 381 F.2d 824, 828 (7th Cir. 1967)). He found that Count One alleged that the defendant "knowingly conspired with his co-defendants to devise and participate in a scheme to defraud the United States, the State of Wisconsin, Milwaukee County and other entities, and to obtain payments on contracts and purchase orders by means of materially false and fraudulent pretenses, representations and promises, and with the use of the United States mail and interstate wire communications." Id. (citing ¶1 of the superseding indictment). He noted that paragraphs 3 through 38 of the superseding indictment "fulsomely" described the fraud scheme, "detailing pertinent background information, the individuals involved in the conspiracy and their specific roles, the manner and means of the conspiracy, and the steps the co-conspirators took to conceal the conspiracy." Id.

Judge Jones also concluded that the superseding indictment sufficiently alleged that the defendant possessed fraudulent intent. Id. at 7. He pointed out that paragraph 2 described the straw owners who were solicited to fraudulently obtain contracts to which they were not entitled. Id. Finally, Judge Jones focused on the language in paragraph 12, alleging that the defendant had "contributed to this conspiracy-to-defraud via the outside accounting services

4

he performed for Ganos-affiliated companies." Id. Judge Jones laid out the specific outside services alleged in paragraph 12:

> advis[ing] Ganos and others on bookkeeping, accounting, and payroll procedures and transactions that facilitated and concealed the scheme; concealing the scheme, attend[ing] meetings and engag[ing] in other interactions whereby he learned that Mr. Ganos and others were using straw owners to fraudulently obtain government set-aside contracts; prepar[ing] two sets of financial statements for Sonag Company, Nuvo, C3T, and Sonag Ready Mix—individual statements for each company for use in bidding for government set-aside contracts and consolidated statements for use in obtaining bonding; and l[ying] to investigators about whether C3T was affiliated with Nuvo or Sonag Company.

Id. From this detailed recitation, Judge Jones concluded that "it can be inferred from [the defendant's] knowledge of the scheme and conduct in furtherance thereof that he acted with the intent to defraud." Id.

Finally, Judge Jones found that the superseding indictment sufficiently alleged the elements of misprision of a felony under 18 U.S.C. 4. Id. at 8. He determined that the language in the superseding indictment tracked the language of 18 U.S.C. §4. Dkt. No. 87 at 8. Judge Jones rejected the defendant's argument that the Ninth Circuit's decision in Olson, 856 F.3d at 1220, required the indictment to allege that the defendant knew that conspiracy to commit money laundering (the crime the defendant allegedly took steps to conceal and failed to notify authorities about) was a felony. Id. at 8-9. Judge Jones pointed out that the Seventh Circuit had not adopted the reasoning in Olson, and that Olson involved a challenge to the sufficiency of the evidence at trial and not whether the indictment conforms to minimal constitutional standards. Id. at 9. He concluded that the fact that the

5

superseding indictment did not allege the defendant knew that money laundering was a felony was a "hypertechnical" reading of the superseding indictment. Id.

## IV. BASIS FOR THE DEFENDANT'S OBJECTION

The defendant's objection reasserts the arguments he made in the brief supporting his motion to dismiss. Dkt. No. 93 at 1. The defendant insists that because the government cannot prove the conspiracy charge without proof that he acted with specific intent to defraud, the superseding indictment must contain this specific allegation, or it will "leave[] [him] vulnerable to a conviction 'on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.'" Id. at 3 (quoting Russell v. United States, 369 U.S. 749, 770 (1962)). As to Count Twenty-Five, the defendant concedes that Olson is not controlling. Id. He says his real argument is that the Supreme Court has held that "'[a]bsent some indication of contrary purpose in the language or legislative history of the statute,' courts 'ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word "knowingly" as applying that word to each element in the statute.'" Id. (quoting Flores-Figueroa v. United States, 556 U.S. 646, 652 (2009); Elonis v. United States, ___ U.S. ___, 135 S. Ct. 2001, 2009 (2015)). The defendant argues that this holding requires, as an element of misprision of the felony of money-laundering, that the government prove the defendant knew that money laundering is a felony, and that the superseding indictment is constitutionally deficient if it does not state as much. Id. at 3-4.

6

## V. ANALYSIS

A motion under Rule 12 tests the sufficiency of the indictment. Fed. R. Crim. P. 12(b)(3). Rule 7 requires that the indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment "that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." United States v. White, 610 F.3d 956, 958-959 (7th Cir. 2010) (citing United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)). An indictment sufficiently alleges an offense where it "(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." United States v. Miller, 883 F.3d 998, 1002 (7th Cir. 2018) (quoting United States v. McLeczynsky, 296 F.3d 634, 636 (7th Cir. 2002)).

The test is whether "an indictment conforms to minimal constitutional standards"—not whether the indictment "could have been framed in a more satisfactory manner." United States v. Vaughn, 722 F.3d 918, 925 (7th Cir. 2013) (quoting United States v. Hausmann, 345 F.3d 952, 955 (7th Cir. 2003)). The court reviews the indictment on practical basis and in its entirety, rather than in a "hyper-technical manner." Smith, 230 F.3d at 305 (citation and quotation marks omitted). When evaluating the sufficiency of the indictment,

7

the court focuses on the allegations and accepts them as true. United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009).

    A.    Count One—Conspiracy to Commit Mail and Wire Fraud

Count One charges the defendants with conspiracy to engage in mail and wire fraud in violation of 18 U.S.C. §1349. Section 1349 is a stand-alone conspiracy statute that reads: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. §1349; see United States v. Tepoel, 2008 WL 4554926, *3 (W.D. Wis. Feb. 27, 2008) ("Section 1349 is a stand-alone statute that criminalizes attempts and conspiracies to violate certain fraud statutes."). The Seventh Circuit has a standard pattern jury instruction for this charge requiring proof that: (1) the conspiracy charged in Count One existed and (2) the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy. Seventh Circuit Pattern Criminal Jury Instructions (2017), Instruction 5.08(B)(Conspiracy – No Overt Act Required).

The "conspiracy charged in Count One" of the superseding indictment is mail and wire fraud under §§1341 and 1343. The standard pattern instruction in this circuit for a mail/wire fraud offense sets forth the following elements: (1) the defendant knowingly devised or participated in a scheme to defraud; (2) the defendant did so with the intent to defraud; (3) the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and (4) for the purpose of carrying out the scheme or attempting to do so, the defendant

8

used or caused the use of mails or caused interstate wires to take place. Seventh Circuit Criminal Jury Instructions (2017), Instruction for 18 U.S.C. §§1341 & 1343 (Mail/Wire/Carrier Fraud – Elements).

The superseding indictment sufficiently alleges a conspiracy to commit mail/wire fraud against the defendant. The first paragraph tracks the language of the statute, alleging that the defendant and his co-defendants knowingly conspired (agreed) with each other to devise and participate in a scheme to defraud the United States, the State of Wisconsin, Milwaukee County and other entities to obtain money and property from them (through payments on contracts and purchase orders) by means of materially false and fraudulent pretenses, representations, and promises with the use of the United States mail and interstate wire communications in violation of 18 U.S.C. §§1341 and 1343. Dkt. No. 25 at ¶1. While it is true that paragraph one does not contain the conclusory phrase "the defendant acted with intent to defraud," the next thirty-seven paragraphs provide sufficient allegations to establish that the defendant did act with intent to defraud.

The superseding indictment explains the "essence of the conspiracy and scheme" as follows:

> The essence of the conspiracy and scheme was to operate companies with straw owners who qualified as a socially and economically disadvantaged individual or as a service-disabled veteran, but who did not actually control the companies. The conspirators then fraudulently obtained small business program certifications as to the status of the companies and used those certifications to obtain over $200 million in federal, state, and local contract payments to which they were not entitled. Through the conspiracy and scheme, the conspirators enriched themselves, undermined the small

business programs, and deprived honest small businesses of opportunities for work.

Dkt. No. 25 at ¶2. The superseding indictment spells out the roles of each of the co-conspirators. It says that the defendant, for example, was the "co-owner of Komisar and Spindler, s.c., an accounting firm in Menomonee Falls, Wisconsin" that "performed outside accounting services for Ganos-affiliated companies, including Sonag Company, Nuvo Construction Company, Inc., C3T, Inc. and Sonag Ready Mix." Id. at ¶12. The relationship between these companies is at the heart of the scheme—Ganos and others controlled these companies, but utilized straw owners (J.L., T.A. and O.M.) who qualified as either (1) a socially or economically disadvantaged individual or (2) a service-disabled veteran. Id. at ¶20. The co-conspirators used these companies to obtain small business certifications based on materially false representations. Id. at ¶24.

The government alleges the defendant and Ganos consulted about bookkeeping, accounting and payroll procedures and transactions which facilitated the scheme. Id. at ¶28. This included arranging for J.L.'s compensation from a construction project (the Southwest Minnesota Housing Partnership) to be paid through Nuvo's payroll; creating false records to make it appear that T.A. had received additional income that would make him the highest compensated C3T employee, even though he had not received the income; and implementing procedures to pass through all revenue and expenses—and therefore all profits—associated with Nuvo concrete sales to Sonag Ready Mix. Id. The indictment alleges that Ganos and the defendant

10

(and others) allegedly held regular meetings to review the financial performance of the companies controlled by Ganos, including Nuvo and C3T. Id. at ¶29. "Through these meetings and other interactions, the defendant knew that Ganos and others besides the straw owners controlled Nuvo and C3T, and that the companies did not meet the eligibility criteria for small business programs" and that "Nuvo and C3T were obtaining federal construction contracts and concrete purchase orders that were set aside under small business programs." Id. at ¶29. Ganos and the defendant (and others) allegedly prepared two sets of financial statements for Sonag Company, Nuvo, C3T and Sonag Ready Mix— one that showed each company's results on its own and one that combined the companies' results. Id. at ¶30. They submitted the individual statements to small business program representatives and used the combined statements for bonding. Id. at ¶¶30, 31. Finally, the superseding indictment alleges that the defendant gave a materially false statement to the VA Office of Inspector General and the Federal Bureau of Investigation when he denied that C3T had any affiliation with Nuvo or Sonag Company. Id. at ¶38.

These allegations, viewed as a whole, are sufficient to notify the defendant of the specific conduct he is alleged to have committed. They allege that the defendant knew of the scheme to use straw owners to obtain federal construction contracts for which they were not eligible and that he participated in that scheme. The allegations that he created false records, created two sets of financial statements, and made a false statement to investigators indicate that he acted with intent to defraud. These allegations state the elements of the

11

crime, adequately inform the defendant of the nature of the charge against him so he may prepare a defense and allow him to assert any judgment as a bar to future prosecutions for the same offense. The defendant has not demonstrated that Count One of the superseding indictment is constitutionally deficient.

    B.    <u>Count Twenty-Five—Misprision of a Felony</u>

Section 4 of Title 18 provides: "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." 18 U.S.C. §4.

Some circuits have held that the government must prove four elements to prove a misprision charge: (1) the principal committed and completed the felony alleged; (2) the defendant had knowledge of the fact; (3) the defendant failed to notify the authorities; and (4) the defendant took affirmative steps to conceal the crime of the principal. <u>United States v. Baumgartner</u>, 581 Fed. App'x 522, 526 (6th Cir. 2014) (citation omitted). <u>See also</u>, <u>United Sates v. Caraballo-Rodriguez</u>, 480 F.3d 62, 70 (1st Cir. 2007 (accepting elements *arguendo* because the defendant did not dispute them); <u>United States v. Cefalu</u>, 85 F.3d 964, 969 (2d Cir. 1996); <u>United States v. Gebbie</u>, 294 F.3d 540, 544 (3rd Cir. 2002); <u>Olson</u>, 856 F.3d at 1220; <u>United States v. Baez</u>, 732 F.2d 780, 782 (10th Cir. 1984); <u>United States v. Brantley</u>, 803 F.3d 1265, 1275-76 (11th Cir. 2015).

Other circuits consider a misprision charge to have three elements: (1) knowledge that a felony was committed; (2) failure to notify the authorities of the felony; and (3) an affirmative step to conceal the felony. Vellegas-Sarabia v. Sessions, 874 F.3d 871, 878 (5th Cir. 2017). See also United States v. Wilkes, Case No. 92-5037, 1992 WL 188133, *2 (4th Cir. Aug. 7, 1992); United States v. Solis, Case No. 18-1215, 2019 WL 573356, *3 (8th Cir. Feb. 13, 2019).

The Seventh Circuit, however, appears to have had little occasion to speak to the elements of this offense. There is no pattern jury instruction for it, and the court could not find a Seventh Circuit decision listing the elements of the offense. The closest the court could come is a decision from almost fifty years ago, in which the Seventh Circuit stated that it "agree[d] . . . with a . . decision in the tenth circuit, that an indictment simply using the words of the statute and alleging concealment and failure to make known is sufficient." United States v. Daddano, 432 F.2d 1119, 1124 (7th Cir. 1970) (citing Sullivan v. United States, 411 F.2d 556 (10th Cir. 1969)).

The superseding indictment tracks the language of the statute, and it alleges concealment and failure to make known—the requirements the Daddano court found sufficient. It charges that the defendant—having knowledge that Ganos committed the crime of conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h)—failed to notify as soon as possible an authority under the United States that a crime had been committed and took affirmative steps to conceal the crime. Dkt. No. 25 at ¶67. Specifically, Count Twenty-Five goes further, indicating that the defendant knew that Ganos

13

was laundering money because the defendant himself helped Ganos do it; the superseding indictment alleges that the defendant

> prepared an Independent Accountant's Review Report for C3T as of December 31, 2012, and December 31, 2013, that contained false representations regarding amounts of monies that had been transferred at Ganos's direction from C3T to Sonag Company. These representations included (a) understating the amounts of monies that had been transferred from C3T to Sonag Company, and (b) falsely stating that Sonag Company had provided $325,000 of services to C3T when, in reality, no such services had been provided.

Id.

The defendant argues that the Ninth Circuit's decision in Olson is "illustrative" to support his claim that the indictment must state that the defendant knew money laundering was a felony. Olson, 856 F.3d at 1216. In Olson, the defendant appealed her conviction under 18 U.S.C. §4 arguing, in part, that the government failed to prove she knew that the conduct she concealed was a felony. Id. at 1220. The Ninth Circuit agreed that the misprision statute requires knowledge that the principal engaged in conduct that satisfied the essential elements of the underlying felony *and* knowledge that the underlying offense is a felony. Id. at 1222. It then considered what it means to "know" that conduct constitutes a felony. Id. at 1223. The Ninth Circuit concluded that such knowledge requires proof that the defendant knew that the underlying offense was "punishable by . . . a term of imprisonment exceeding one year." Id.

As previously mentioned, the defendant concedes that Olson is not controlling, and the court does not find it persuasive, either. As noted, the Ninth Circuit has enunciated four elements of a misprision claim; the Seventh

14

Circuit has not. More to the point, the Olson decision is silent on what the government must allege in the *indictment*; it speaks only to what the government must prove at *trial*. Whether the government must prove beyond a reasonable doubt at trial that the defendant knew the alleged money laundering scheme was an offense punishable by more than a year in prison, and if so, whether the government can prove it beyond a reasonable doubt, is not the question before the court. The question before the court is whether the indictment provides the defendant with sufficient notice of the specific conduct at issue, enables him to prepare a defense and will enable him to plead an acquittal or conviction as a bar against any future prosecution. Under the only guidance it can find from the Seventh Circuit—Daddano—the court concludes that it does.

VI. **CONCLUSION**

The court **ADOPTS** Judge Jones's recommendation. Dkt. No. 87. The court **DENIES** the defendant's motion to dismiss Counts One and Twenty-Five. Dkt. No. 43.

Dated in Milwaukee, Wisconsin this 26th day of February, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**