UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           *Plaintiff*,

v.                                            Case No. 18-CR-62 (PP-DEJ)

MARK F. SPINDLER

           *Defendant*.

## FINAL PRETRIAL REPORT

Pursuant to the Court's Criminal Pretrial Order (Doc. 117), the parties met, conferred, and prepared this final pretrial report:

1. **A brief summary of the charges against the defendant, which the court will read to the *venire* during jury selection to inform them of the nature of the case and the identities of the parties.**

The Superseding Indictment charges Mark Spindler, a certified public accountant, with two crimes.

First, Mr. Spindler is charged with conspiracy to commit wire and mail fraud arising from his alleged participation in a scheme to defraud the United States and other entities with respect to contracts and purchase orders set aside for small businesses owned and controlled by disadvantaged individuals or service-disabled veterans. Mr. Spindler had no ownership in these businesses, but he provided accounting and tax services that allegedly helped facilitate the scheme to defraud the United States and others. He also allegedly helped conceal the scheme from government investigators at the Federal Bureau of Investigation and the Department of Veterans, Office of Inspector General.

Second, Mr. Spindler is charged with misprision of a felony because he allegedly knew that Brian Ganos committed the crime of conspiracy to commit money laundering, yet Mr. Spindler failed to notify the government of that crime. Spindler instead allegedly took affirmative steps to conceal the crime by preparing a financial statement containing false representations.

2. **The anticipated length of the trial:**

The parties anticipate that the trial is likely to take six days and will not take more than eight days.

**3. Any stipulations the parties have reached:**

The United States proposed eleven different stipulations that would have obviated the need to call several witnesses for the purpose of authenticating evidence. The defense indicated that it is unwilling to enter into any stipulations.

**4. The name, occupation, and city of residence of each potential witness:**

    a. Anticipated Witnesses for the United States:

        i. Telemachos Agoudemos
Construction
Big Bend, WI

        ii. Thomas Chambers
Owner, Shorewest Surety Services, Inc.
Union Grove, WI

        iii. Debbie Crawford
Data Systems Manager, U.S. Dep't of Veterans Affairs, Office of Inspector General

        iv. Ruby Dent
Business Development Analyst, Milwaukee County
Milwaukee, WI

        v. Marci Eaton
Procurement Analyst, General Services Administration
Washington, DC

        vi. Scott Farina
Construction
Colgate, WI

        vii. Colin Feeney
Investigative Analyst
Defense Contract Audit Agency
Lee's Summit, MO

        viii. Bryan Giesenschlag
Retired
Menomonee Falls, WI

ix. John Halaska
Construction
Johnson Creek, WI

x. James Hubbell
Construction
Sussex, WI

xi. Suzanne Humeniak
Special Agent, U.S. Department of Agriculture, Office of Inspector General
Lincoln, NE

xii. Diane Kingery
Accountant
Menomonee Falls, WI

xiii. Daniel Klappa
JDJ Builders
Mukwonago, WI

xiv. John Klein
Associate General Counsel for Procurement Law, U.S. Small Business Administration
Washington, DC

xv. Derek Long
Accountant
Port Washington, WI

xvi. Jorge Lopez
Construction
Worthington, MN

xvii. Lori Michaud
Accountant
Menomonee Falls, WI

xviii. Odessa Millan
Construction
West Allis, WI

xix. Nicholas Rivecca Sr.
Retired
Brookfield, WI

xx. James Seebruck

3

        Construction
        Waukesha, WI

xxi. April Smith
Special Agent, General Services Administration
Office of Inspector General

xxii. Brian Sullivan
Special Agent, U.S. Small Business Administration, Office of Inspector General
Chicago, IL

xxiii. Jennifer Walkowski
Special Agent, Federal Bureau of Investigation
Milwaukee, WI

xxiv. Clay Wible
Special Agent, Federal Bureau of Investigation
Milwaukee, WI

xxv. Ben Ward
Chief of Risk Compliance for U.S. Department of Veterans Affairs,
Center for Verification and Evaluation
Dallas, TX

xxvi. Forensic Examiner to be determined
Federal Bureau of Investigation
Milwaukee, WI

The United States reserve the right to amend this list and to call additional witnesses for rebuttal, if necessary.

    b. Anticipated Witnesses for the Defense:
       i. Robert Komissar
         Accountant
         Menomonee Falls, WI

       ii. Brian Ganos
         Construction
         Muskego, WI

       iii. Mark Spindler
         Accountant
         Menomonee Falls, WI

       iv. Karen Bindl

        Forensic Accountant
        Madison, WI

    v. Defendant Spindler reserves the right to call witnesses off the Government's list as well.

Defendant Mark Spindler reserves the right to amend this list and call additional witnesses.

**5. A short narrative statement detailing the background and qualifications of any expert witness whom either party expects to testify.**

    i.    Colin Feeney is an Investigative Auditor for the Defense Contract Audit Agency ("DCAA"). He has worked for DCAA for approximately nine-and-a-half years. He has analyzed government contracts and associated payments, internal company financial records, and bank records in hundreds of cases. Mr. Feeney has a BS in Accounting, BS in Finance, and Masters in Accounting from the University of Kansas. At DCAA, he also has received extensive training in government contracting and accounting.

    Mr. Feeney will testify concerning the amount of revenue C3T and Nuvo received from government contracts awarded under set aside programs. He will also testify regarding the general processes for government contracting, including that some contracts are set aside to be awarded to firms that qualify for various small business contracting programs and that contracting officers rely upon firm's representations regarding their eligibility for set-aside contracts and do not independently assess whether firms meet program requirements.

    ii.    Defendant, Mark Spindler does not have any expert witnesses at this time. However, Spindler reserves the right to call a rebuttal expert witness if he deems one necessary after reviewing the Government expert's credentials and reports.

**6. A complete list of all exhibits the parties expect to offer or reference during trial.**

*See* attached Exhibit List.

**7. Proposed nonstandard *voir dire* questions.**

*See* attached List of Nonstandard *voir dire* questions

**8. A list of proposed Seventh Circuit pattern jury instruction numbers (not the text of the instructions themselves) and the text of any proposed non-pattern instructions.**

*See* attached list of jury instructions.

**9. A proposed verdict form.**

*See* attached proposed verdict form.

**10. A statement regarding whether the parties want the court to provide a court reporter.**

The parties want the court to provide a court reporter.

**11. A statement as to how many alternate jurors the parties wish to select.**

The parties wish to select 2 alternate jurors.

Respectfully submitted this 10th day of June, 2019.

*s/ Zachary J. Corey*
MATTHEW D. KRUEGER
United States Attorney
MICHAEL A. CARTER
ZACHARY J. COREY
Assistant United States Attorneys
Attorneys for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Ave. Suite 530
Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Fax: (414) 297-1738
Email: Zachary.Corey@usdoj.gov


*s/ Brian T. Fahl*
BRIAN T. FAHL
BENJAMIN J. GLICKSMAN
Attorneys for Mark Spindler
Kravit, Hovel & Krawczyk s.c.
825 North Jefferson – Fifth Floor
Milwaukee, WI 53202
(414) 271-7100 – Telephone